# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

EDDIE LEE MCCLENDON                                                                                                            PLAINTIFF
ADC #096384

v.                                                              4:21-cv-00834-JM-JJV

A. DAVIS, Deputy,
Pulaski County Jail; *et al.*                                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.     INTRODUCTION**

Eddie Lee McClendon is a prisoner in the Pulaski County Detention Facility ("PCDF"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, against Defendants the Pulaski County Sheriff's Office, the PCDF, Sheriff Eric Higgins, Deputy A. Davis, and Does, who are

unknown PCDF employees. (Doc. 2.)

## II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges,

or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   PLAINTIFF'S COMPLAINT

After careful consideration, I conclude the Complaint fails to state a plausible claim for relief for several reasons.   First, the Pulaski County Sheriff's Office and the PCDF are not proper parties in a § 1983 action.  *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *De La Garza v. Kandiyohi Cnty. Jail*, Case No. 01-1966, 2001 WL 987542 (8th Cir. Aug. 30, 2001) (unpublished opinion).   Second, Plaintiff has named Sheriff Higgins and Medical Administrator Lowe as Defendants, but he does say either of them personally participated in the violation of his constitutional or federal statutory rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Finally, Plaintiff says Deputy Davis and Does violated the Health Insurance Portability and Accountability Act ("HIPPA") when they disclosed his Covid-19 test results to other prisoners. But, it is well settled that "HIPPA does not create a private right of action as an underlying basis for a civil suit." *Trone Health Servs., Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 851 (8th Cir. 2020); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 22nd day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."